No. 02-237

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 248

CUT BANK SCHOOL DISTRICT NO. 15,

Plaintiff and Appellant,

v.

RANDY RUMMEL, d/b/a RUMMEL CONSTRUCTION,

Defendant and Respondent.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and for the County of Glacier,
The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Thane P. Johnson, Deputy Glacier County Attorney, Cut Bank,
Montana

For Respondent:

Robert G. Olson; Frisbee, Moore & Olson, Cut Bank, Montana

Submitted on Briefs:  August 8, 2002

Decided:  November 14, 2002

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Cut Bank School District No. 15 (District) appeals from the order entered by the Ninth Judicial District Court, Glacier County, awarding judgment in favor of Randy Rummel, d/b/a Rummel Construction (Rummel), on the District's complaint seeking damages for breach of contract.  We affirm.

¶2    The dispositive issue on appeal is whether the District Court erred in concluding that the District failed to prove the damages element of its breach of contract claim.

BACKGROUND

¶3    In July of 1999, the District solicited bids from area contractors to repair and patch the steps and sidewalk in front of the Cut Bank High School, resurface the steps and sidewalk with a concrete texture finish and apply an epoxy sealant on all the surfaces.  Rummel submitted a bid proposing to complete the work at a cost of $7,950 and the District accepted his bid in early August of 1999.  The District desired that the work be completed on or before August 29, 1999, because students and staff would be returning to the school on the following day.  There is no written documentation that this timeliness element was a requirement of the contract between the parties, but the District contends that Rummel guaranteed the work would be finished by August 29, 1999.  In contrast, Rummel contends he made no guarantee, but told the District he would make his best effort to complete the project by that date.  On August 15, 1999, the District accepted another bid from Rummel for $1,500 to repair and patch a second sidewalk on the

2

north side of the high school. Again, the District contended Rummel guaranteed completion of the project by August 29, 1999.

¶4 On August 30, 1999, the District terminated the contracts with Rummel because the work had not been completed. The District subsequently filed a complaint asserting that Rummel's failure to complete the projects by August 29, 1999, was a breach of the contracts and requesting monetary damages. After a bench trial, the District Court entered an order granting judgment in favor of Rummel based in its determination that, even assuming Rummel's failure to complete the projects was a breach of the contracts, the District failed to present evidence establishing that damages resulted. The District filed a motion to reconsider, arguing that it had proven damages at trial. The District Court deemed the motion a Rule 59(g), M.R.Civ.P., motion to alter or amend the judgment and denied it. The District appeals.

STANDARD OF REVIEW

¶5 In an action for breach of contract tried before a district court sitting without a jury, we review the court's findings of fact to determine whether they are clearly erroneous and its conclusions of law to determine whether they are correct. Norwood v. Service Distributing, Inc., 2000 MT 4, ¶ 21, 297 Mont. 473, ¶ 21, 994 P.2d 25, ¶ 21.

DISCUSSION

¶6 Did the District Court err in concluding that the District failed to prove the damages element of its breach of contract claim?

3

¶7    In its order granting judgment in favor of Rummel, the District Court found that no evidence of record established that the District suffered damages as a result of Rummel's alleged breach of the contracts.  On that basis, it concluded the District had failed to prove the damages element of the breach of contract claim by a preponderance of the evidence.  The District asserts the District Court's finding that it failed to present evidence establishing damages is clearly erroneous.

¶8    Section 27-1-311, MCA, provides that

> [f]or the breach of an obligation arising from contract, the measure of damages, except when otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment which was proximately caused thereby or in the ordinary course of things would be likely to result therefrom. Damages which are not clearly ascertainable in both their nature and origin cannot be recovered for a breach of contract.

In other words, damages are the amount which will put the nonbreaching party in as good a position as if the contract had been performed.  Sack v. A.V. Design, Inc. (1984), 211 Mont. 147, 152, 683 P.2d 1311, 1314.  "A plaintiff will not be denied recovery simply because it is difficult to ascertain the amount of his damages, as long as the amount can be proven with a reasonable degree of certainty."  Sack, 211 Mont. at 153, 683 P.2d at 1315.

¶9    The District first argues that it proved damages resulting from the breach of the first contract via Rummel's testimony.  On cross-examination, Rummel was asked to give a rough estimate of what it would cost in materials and labor to complete the first contract project from the point at which he left it on August 29,

4

1999.  In response, Rummel testified "I don't know off the top of my head . . . between three and 4,000, total, maybe."  The District presented no evidence of the actual cost to complete the project originally contemplated in the first contract because the District contracted in the summer of 2000 with another construction company to repair the front steps and sidewalk using an entirely different method and materials.  Thus, the only evidence relating to the District's damages for breach of the first contract was Rummel's purely speculative statement.  We conclude such speculation is insufficient to prove damages to a reasonable degree of certainty and, consequently, the District Court's finding of fact in that regard is not clearly erroneous.

¶10  The District also argues it proved damages resulting from Rummel's alleged breach of the second contract to repair the sidewalk on the north side of the high school.  Indeed, the District presented testimony that, shortly after August 29, 1999, it employed two workers to complete the repairs to that sidewalk, resulting in expenditures of $224 for labor and $50 for materials.  However, Rummel testified that after the contract was terminated he billed the District $1,276 for the work completed up to that point.  This amount represented the original bid of $1,500 less $224 as his estimate of what it would cost to complete the project.  This $224 difference equals the amount the District subsequently expended for labor and, consequently, the District suffered no damages for the labor component of finishing the second contract.  Moreover, Rummel testified he offered to give the District all the

materials he had purchased for the project, but the District refused to accept them. Had the District accepted the materials, it may have been unnecessary to incur the additional $50 for materials to complete the repairs to the north sidewalk. On this record, we conclude the District Court's finding that the District failed to establish damages with regard to the second contract is not clearly erroneous.

¶11 We hold, therefore, that the District Court did not err in concluding that the District failed to prove the damages element of its breach of contract claim.

¶12 Affirmed.

/S/ KARLA M. GRAY

We concur:


/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ TERRY N. TRIEWEILER
/S/ JIM RICE